# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUFUS WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>WILLINGBORO TOWNSHIP, et al.,<br><br>    Defendants. | Civil Action<br>No. 20-1114 (RBK) (KMW)<br><br>**OPINION & ORDER** |

**ROBERT B. KUGLER, U.S.D.J.**

Before the Court is Plaintiff's motion to amend and proposed second amended complaint. (ECF No. 11.) In earlier Opinions, the Court had dismissed Plaintiff's initial complaint and first amended complaint, for failure to comply with Federal Rule of Civil Procedure 8. (ECF Nos. 2, 6.)

In his second amended complaint (hereinafter "Complaint"), Plaintiff narrowed his claims and offered a few more relevant details regarding some of the Defendants. Plaintiff now names: (1) Risoldi's Automotive; (2) Michael Risoldi; (3) Willingboro Township; (4) Willingboro Police Department; (5) Detective Michael Lippincott; (6) Detective Brandon Whitham; (7) Officer Sean Malone; (8) Burlington County Jail; (9) Sergeant Ryan McHugh; (10) Corrections Officer K. Cain; (11) and FBI Agent Anthony Dipietro as Defendants in this matter.

For example, the Complaint offers more details as to Defendant Malone, explaining *when*, *why*, and *how* Defendant Malone engaged in an illegal traffic stop and then planted narcotics on Plaintiff. (ECF No. 11, at 11, 14-15.) Critically, the Complaint describes *how* the traffic stop was illegal by explaining *how* it lacked probable cause, alleging that Defendant Malone falsely claimed that Plaintiff ran a red light.

The majority of the remainder of the Complaint does not, however, provide those critical details. For example, as to Defendant Whitham, the Complaint alleges that he provided false testimony to the courts but does not explain *how* the testimony was false or *when* he gave the testimony. Similarly, Plaintiff alleges that Defendant Whitham filed false reports, but fails to explain *how* the reports were false, *when* he filed the reports, or *what* were the general contents of the reports.

Plaintiff's claims against a particular defendant *cannot rely solely on legal conclusions*, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'")).

In other words, Plaintiff cannot simply allege that a defendant provided false reports, false testimony, false tickets, or violated dozens of laws, *without explaining the factual circumstances underlying each claim*, *i.e.*, the who, what, when, where, and how, of each claim.

In light of Plaintiff's efforts to improve his Complaint, the Court will deny leave to amend, but allow Plaintiff to submit an amended complaint with the more specific information discussed in this Opinion. Additionally, because it will be critical to whether his claims have merit, Plaintiff *shall* identify and if possible, provide a copy of each criminal complaint, disciplinary sanction, or indictment involved in this case. Plaintiff *shall* also specify the results of those cases, *i.e.*, whether those cases have been dropped, dismissed, discharged, whether they remain pending, or whether he received a conviction and sentence.

Once again, in any amended complaint, Plaintiff shall: (1) "refrain from repeating allegations, unless absolutely necessary; (2) *include allegations about each defendant in a single location rather than scattering the allegations throughout the pleading*; (3) refrain from going into detail about every single discussion that may have occurred, unless absolutely relevant to the claims; (4) refrain from discussing" background information or other events that "only have a tangential relation to the underlying claims; (5) refrain from arguing and using conclusive allegations;" and (6) refrain from discussing reactions, feelings, conjecture, and thoughts, after each of Defendants' actions. *Mobley v. Wetzel*, No. 14-00035, 2016 WL 11452949, at *1–2 (M.D. Pa. Feb. 11, 2016) (emphasis added).

With regard to Plaintiff's letter again requesting counsel, (ECF No. 15.), the Court cannot appoint counsel without first determining whether Plaintiff's claims have arguable merit. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). As discussed above, Plaintiff's Complaint is missing critical information that is relevant to whether Plaintiff's claims have arguable merit. Consequently, as Plaintiff has not yet provided the Court with that information, the Court will deny his request to appoint counsel. Accordingly,

IT IS, on this __25th__ day of August, 2021,

**ORDERED** that Plaintiff's motion for leave to amend, (ECF No. 11.), is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that Plaintiff's request to appoint counsel, (ECF No. 15.), is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that within 30 days from the date of this Order, Plaintiff may move to reopen his case, attaching to any such motion a proposed third amended complaint which *must* include the information discussed above, and it is further

3

**ORDERED** that the Clerk of the Court shall serve Plaintiff with this Opinion and Order by regular U.S. mail and CLOSE this case.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
